EMERT v. NIBBLINK.

1. CONTRACTS—RESCISSION—FRAUD.
   One who elects to rescind a contract of sale on the ground
   of fraud or mistake must act promptly after he discovers
   the facts warranting rescission.

2. SALES—FRAUD—KNOWLEDGE—RATIFICATION OF CONTRACT.
   Plaintiff could not recover on the theory that he had
   rescinded a purchase of a team for fraud of the defend-
   ant who represented that the horses were good, sound
   work horses, where plaintiff did not rescind the contract
   promptly after discovering, on the day after the pur-
   chase, that one of the horses was balky, but made such
   use of the team as he desired up to the time of trial,
   paying a note for part of the purchase price after the
   commencement of suit.

Error to Kent; Barton, J., presiding. Submitted
January 15, 1914. (Docket No. 97.) Decided March
26, 1914.

Assumpsit by Edward Emert against Henry J. Nib-
blink for fraud. Judgment for defendant upon a di-
rected verdict. Plaintiff brings error. Affirmed.

*Smedley, Linsey & Lillie,* for appellant.

*Corwin & Souter,* for appellee.

OSTRANDER, J. Plaintiff purchased of defendant a
team of horses, which he says were falsely represented
and warranted to be gentle, sound, true, a good farm
team, that would work at any kind of farm labor or
at any other work plaintiff might desire them to do.
The declaration is framed according to the theory of
a rescission of the sale. Plaintiff was the only wit-
ness sworn, was examined, cross-examined, and re-

examined. In the course of the re-examination the court suggested that plaintiff submit to a nonsuit. This he declined to do, and the court later, on the motion of defendant, directed a verdict for defendant. Whether this was or was not error depends upon whether the testimony which plaintiff gave conclusively negatives the theory of a rescission. Plaintiff contends that it does not, and defendant claims that it conclusively shows an affirmance of the sale.

The team was purchased partly on credit and delivered to plaintiff October 26, 1911. Plaintiff testified that the next day, in drawing a load on wet, soft ground, the horse, one of the team, balked, and that the next day, or soon, he told defendant about it, and was told in reply that the animal was all right but he had not got used to him. The next time he talked with defendant, time not fixed, he told him the horses did not bother him. The next time he saw defendant was in April, 1912, when he offered to redeliver the team if defendant would return him the purchase price already paid and cancel the evidence of further indebtedness. Defendant refused, but offered to let him have another horse for the alleged balky one. Plaintiff was not satisfied to do this and began this suit; the summons being tested April 9, 1912. In October, 1912, plaintiff paid defendant a note of $117.50, given for the purchase price of the team, and has paid nothing since. During all of the time before and after beginning this suit, plaintiff has used the horses as his convenience or necessity, and his health, permitted or required, and sometimes they behaved to his satisfaction, and at other times they misbehaved. It does not appear that he at any time tendered the horses to defendant unconditionally or gave him notice that he had elected to rescind. At the trial, September 30, 1913, they were in Grand Rapids, and plaintiff testified:

"They are in good condition. They are over on the corner of Bridge and Stocking in a livery barn. I fetched them up on account if Mr. Nibblink wants the team he can have them. I offer them now to him and he can have them today."

It is elementary law that one who desires to rescind a contract, or sale, upon the ground of fraud, or mistake, must act promptly after discovery of the facts warranting rescission. *Foster* v. *Rowley,* 110 Mich. 63 (67 N. W. 1077), and cases cited in opinion; *Speicher* v. *Thompson,* 141 Mich. 654 (104 N. W. 1104) ; *Hakes* v. *Thayer,* 165 Mich. 476 (131 N. W. 174). In my opinion the court was not in error in directing a verdict for defendant, because it is evident that what plaintiff now complains about was known to him long before he offered to return the team to defendant, because, after discovering the peculiarities of the horse and up to the time of the trial, the plaintiff made such use of the team as he desired, and because, also, plaintiff never definitely acquainted defendant with his purpose to rescind until he filed his declaration in this suit. Even after suit was begun, he paid a portion of the purchase price.

The judgment is affirmed.

MCALVAY, C. J., and BROOKE, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.